Dong v Howe (2023 NY Slip Op 04716)

Dong v Howe

2023 NY Slip Op 04716

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 651906/19 Appeal No. 610 Case No. 2023-01765 

[*1]Huiping Dong, Plaintiff-Respondent,
v
Tina Yu Howe, Defendant-Appellant.

Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for appellant.
Law Offices of Bernard D'Orazio & Associates, P.C., New York (Steven G. Yudin of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock., J.), entered January 13, 2023, which denied defendant's motion to vacate an order awarding summary judgment to plaintiff upon defendant's default, unanimously affirmed, with costs.
A motion to vacate may be granted pursuant CPLR 5015 where a party shows both an excusable default and a meritorious defense (see Port Auth. Of N.Y. and N.J. v Guardian Serv. Indus., Inc., 165 AD3d 467, 467 [1st Dept 2018]). A determination of what constitutes a reasonable excuse lies within the court's discretion (id.).
The court providently exercised its discretion here. The court found that defendant failed to proffer a reasonable excuse for her failure to oppose the summary judgment motion. The court records submitted by plaintiff in opposition to the motion showed that defendant was not only an experienced civil litigator, but that she was healthy enough to  and in fact did  practice law while the summary judgment motion was pending.
Defendant's arguments that the court failed to consider her own affidavit or to ascribe the proper weight to her physician's note are also unavailing. Defendant's affidavit was conclusory and contradicted by the evidence, and even assuming the admissibility of the doctor's note, it did not contain any medical conclusions or express a belief that defendant was unable to work at the time the opposition papers were due.
As defendant failed to show a reasonable excuse for her default, it was not necessary for the court to consider whether she had demonstrated a potentially meritorious defense (see Wells Fargo Bank, N.A. v Cisse, 156 AD3d 545 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023